UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JASON E. BOWIE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 08-428-P-S |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS

The commissioner of Social Security moves to dismiss the complaint in this action on the ground of lack of subject-matter jurisdiction, namely, that this court has no power to review the commissioner's denial of the plaintiff's request to reopen a prior claim for social security benefits. Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction ("Motion") (Docket No. 4). For the reasons that follow, I recommend that the motion be denied.

### I. Applicable Legal Standard

When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir. 1996). The moving party may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject-matter jurisdiction through extra-pleading material. 5A C. Wright & A. Miller, *Federal Practice and Procedure*, § 1350 at 213 (2d ed. 1990); *see also Aversa*, 99 F.3d at 1210; *Hawes v. Club Ecuestre el Comandante*,

598 F.2d 698, 699 (1st Cir. 1979) (question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

## II. Background

The plaintiff filed an application for disability insurance benefits on May 14, 1997. Order of Dismissal ("Order") (Exhibit 1 to Declaration of Paul Halse, which is Attachment 2 to Motion) at [3]. This claim was denied on September 15, 1997. *Id*. The plaintiff filed a second application on September 5, 2007, which resulted in a finding of disability with an onset date of December 15, 1996. *Id*.

At this point, the parties' descriptions of the relevant events diverge. The Order of Dismissal says (and the defendant's memorandum of law repeats) that thereafter the plaintiff "filed an untimely written request for hearing on May 20, 2008 requesting a re-opening of the prior applications," which was after the six-month period allowed to request a hearing. *Id.*; Defendant's Memorandum in Support of Motion to Dismiss ("Defendant's Memorandum") (Attachment 1 to Motion) at 3. The plaintiff, however, asserts that he filed "a timely appeal of the September 5, 2007 determination" by filing a request for review under regulations then in effect, on December 5, 2007. Plaintiff's Objection to Defendant's Mot[i]on to Dismiss ("Objection") (Docket No. 6) at 2. A document entitled Request for Review by a Federal Reviewing Official, signed by the plaintiff, and stamped "Received Dec 5 2007/Social Security Adm./Augusta, ME 003" is Exhibit A to the Affidavit of Peter Clifford ("Clifford Aff."), which is Attachment 1 to the Objection. Clifford states under oath that he was informed by a representative of the defendant that this document would be treated as a Request for Reconsideration because it related to the plaintiff's 1997 application, which predated the then-current regulations. Clifford Aff. ¶ 4.

Also attached to the Clifford affidavit is a copy of a letter addressed to the plaintiff, on Social Security Administration/Retirement, Survivors and Disability Insurance letterhead, dated May 9, 2008, which states that it concerns "Reconsideration/Filed: December 5,/2007." Exhibit B to Clifford Aff.  That document informs the plaintiff that "we found that our first decision was correct." *Id*. at [1].  It also says that the plaintiff may ask, within 60 days, for a hearing at which an administrative law judge will review his case.  *Id*.  The next exhibit to the Clifford affidavit is a document entitled Request for Hearing by Administrative Law Judge, signed by the plaintiff and stamped "Received/May 20, 2008/Social Security Admin/Augusta ME 003." Exhibit C to Clifford Aff.

On June 27, 2008, an administrative law judge dismissed the request for hearing "[b]ecause the request for hearing was not filed within the stated time period, and because the claimant has not established good cause for missing the deadline to request a hearing[.]" Order at [4].  The order includes a Notice of Dismissal issued to the plaintiff, which includes instructions on how to request a review of the order of dismissal by the Appeals Council with 60 days "from the date you get this notice." *Id*. at [1-2].

Understandably confused, Clifford, the plaintiff's representative, wrote a letter, dated July 22, 2008, to the administrative law judge, enclosing copies of the December 5, 2007, request for review, the May 9, 2008, SSA letter regarding the same, and the May 20, 2008, request for hearing, and asking that the dismissal be reversed.  Letter from Peter Clifford to Judge Fletcher (Exhibit D to Clifford Aff.).  Clifford followed this letter with others to the same effect dated August 13, 2008, and October 3, 2008.  *Id*.  The plaintiff also filed an appeal of the dismissal on a form that is stamped "Received/Aug 28 2008/Social Security Admin/Augusta ME 003." Exhibit E to Clifford Aff.

3

A Notice of Appeals Council Action, dated November 12, 2008, was sent to the plaintiff. Exhibit 2 to Halse Dec. The decision characterizes the June 27, 2008, dismissal of the plaintiff's request for a hearing as being based on "an untimely request for an appeal on your original determination for disability made on September 16, 1997."[1]  Notice of Appeals Action at [1]. The Appeals Council notes that the September 5, 2007, application was filed more than four years after the September 1997 denial of the initial application in violation of 20 C.F.R. § 404.987-989, and that good cause for the late filing of this request for a reopening was not demonstrated because

> [t]he medical evidence in your claim file reflects that when you were denied benefits in September 1997, you were attending college on [a] part-time basis. Although you had panic attacks, there is no evidence to suggest that you lacked the mental capacity to pursue the unfavorable determination in your claim.

*Id*. at [2]. This action, an appeal from that decision, was filed on December 12, 2008. *See generally* Docket.

### III.  Discussion

The commissioner rests his motion on two basic principles: (1) that 42 U.S.C. § 405(g) empowers the federal courts to review only "final" decisions of the commissioner, and (2) that a declination to reopen a prior claim generally does not qualify as "final." *See generally* Motion. The plaintiff responds that the court retains jurisdiction to the extent that a claimant raises a colorable constitutional claim – here, a claim of denial of due process, both because the commissioner failed to follow his own procedures and because the plaintiff's mental illness in 1997 prevented him from understanding and pursuing his administrative remedies at that time. Objection at 1-10.

---

[1] As noted, the Order indicates (at [3]) that the denial of the claim occurred on September 15, 1997.

4

Inability to pursue an appeal in federal court raises a colorable claim of denial of a claimant's right to due process. *E.g., Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997); *Parker v. Califano*, 644 F.2d 1199, 1203 (6th Cir. 1981). In addition, a social security claimant has a right to procedural due process in the treatment of his or her application by the Social Security Administration. *Flatford v. Chater*, 93 F.3d 1296, 1303-04 (6th Cir. 1996). "[T]o protect due process, [a reviewing court] must be particularly vigilant and must hold agencies, such as the Social Security Administration, to a strict adherence to both the letter and the spirit of their own rules and regulations." *Everhart v. Bowen*, 694 F. Supp. 1518, 1522 (D. Col. 1987). The raising of a colorable constitutional claim confers subject-matter jurisdiction on a federal court. *Califano v. Sanders*, 430 U.S. 99, 109 (1977).

The administrative law judge's Order of Dismissal states correctly that the plaintiff's May 20, 2008, request for hearing "was more than six months after the claimant's initial notice of award," Order at [3], but erroneously assumes that nothing took place administratively in the interim. In fact, after his September 5, 2007, second application for benefits was granted, the plaintiff had filed a timely request for review seeking reopening of his 1997 claim on December 5, 2007. After that request was denied by the defendant on May 9, 2008, the plaintiff filed a timely request, on May 20, 2008, for a hearing before an administrative law judge, fully in accordance with the defendant's instructions in its denial letter. Thus, the request for hearing was filed "more than six months after the claimant's initial notice of award" but also well within the 60 days he was allowed after receipt of the May 9, 2008, letter from the defendant.

The administrative law judge appears to have been unaware of the events that transpired between the award on the 2007 application and the May 20, 2008, request for a hearing. The request for a hearing was *not*, contrary to the administrative law judge's finding, filed more than

5

65 days[2] after the plaintiff's receipt of the defendant's most recent determination on his request to reopen his 1997 application. Order at [5]. The request for a hearing *was*, in fact, "filed within the stated time period." *Id*. at [6]. The administrative law judge mistakenly read the plaintiff's May 20, 2008, request for a hearing as his first request to reopen his 1997 claim and thus erroneously assumed that his statement that he was not represented by counsel was proffered as an excuse for his failure to file a timely request for a hearing. In fact, when all of the documents are considered, it is obvious that the reference to lack of a representative is to the 1997 application. The plaintiff had not, in fact, "miss[ed] the deadline to request a hearing," Order at [6], and so had no need to "establish[] good cause for missing the deadline to request a hearing." *Id*.

The defendant in this action makes no mention of Clifford's letters advising the defendant of the administrative law judge's error in his submissions in support of his motion to dismiss, but only repeats the erroneous conclusions of the administrative law judge. Defendant's Memorandum in Support of Motion to Dismiss Plaintiff's Complaint (Attachment 1 to Motion) at 7-8, 9-10. Given the chronology clearly set out in Clifford's affidavit, fully supported by his attached documents, it is difficult to understand how the defendant can take the position that the plaintiff "simply failed to adhere to the process Congress created, and failed to provide good cause for this failure," *id*. at 10, when the plaintiff and his representative in fact complied in a timely manner with every instruction given to them by the defendant.

The Appeals Council, apparently recognizing the error made by the administrative law judge, attempted to rehabilitate his dismissal by stating that it occurred "because your request for hearing . . . was considered as an untimely request for an appeal on your original determination

---

[2] A request for hearing must be filed within 60 days after receipt of determination, and the notice is presumed to have been received 5 days after the date of notice unless the claimant can establish otherwise. 20 C.F.R. §§ 404.901, 404.909(a).

for disability made on September 16, 1997." Notice of Appeals Council Action (Exhibit 2 to Halse Dec.) at [1]. However, on its face, the administrative law judge's dismissal clearly did *not* so consider the request for hearing.

On the contrary, as noted above, the administrative law judge dismissed the plaintiff's May 20, 2008, request for hearing because he thought, incorrectly, that it was filed more than 65 days after the date of the reconsideration determination. The Appeals Council went on to explain why the administrative law judge could have denied the plaintiff's request to reopen his 1997 application, but that is not in fact why the administrative law judge acted in this case.

At a minimum, the plaintiff was entitled to consideration on the merits of his timely request for a hearing by the administrative law judge. Due process requires as much. *See, e.g., Flatford*, 93 F.3d at 1303-04; *Everhart*, 694 F. Supp. at 1522. The defendant must be bound by his own rules and regulations, as well as his representations to the claimant and the claimant's representative.

On this basis, the plaintiff has presented a colorable constitutional claim. It is therefore unnecessary to consider his alternate asserted claim, his mental impairment at the time of the denial of his initial claim in 1997. I recommend that the motion to dismiss be **DENIED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 7th day of May, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge